

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DARYLE RAY PEREZ, ET AL., | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 4:17-CV-839-A |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF9, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF9, ET AL., | § § § § § § § § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants Deutsche Bank National Trust Company as Trustee for First Franklin Mortgage Loan Trust 2006-FF9 Mortgage Pass-Through Certificates, Series 2006-FF9 ("Deutsche Bank") and Specialized Loan Servicing LLC ("SLS"), and of defendant Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. f/k/a Home Loans Servicing Inc. ("BANA") for judgment on the pleadings. The court, having considered the motions, the responses of plaintiffs, Daryle Ray Perez ("Daryle") and Melisa Perez ("Melisa"), the replies, the record, and applicable authorities, finds that the motions should be granted.

I.

## Plaintiffs' Claims

On October 16, 2017, plaintiffs filed their complaint in this action. Doc.[1] 1. Plaintiffs allege:

Plaintiffs purchased their home at 907 Lasso Lane, Mansfield, Texas, in 2006. Doc. 1 ¶ 9. Daryle lost his job and plaintiffs missed several mortgage payments. Melisa filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on February 1, 2009. Id. ¶ 10. Plaintiffs missed one post-petition mortgage payment and Home Loan Services, Inc. ("HLS"), the servicer at the time, filed a motion for relief alleging that three post-petition payments were delinquent. Id. ¶ 11. The parties resolved the motion through an agreed order allowing plaintiffs to cure the delinquency. Id. ¶ 12. The order correctly stated the amount due but incorrectly stated that the default was for three payments rather than one. Plaintiffs cured the default. Id. ¶ 13. HLS issued a certificate of default on March 29, 2010. Id. ¶ 14. During Melisa's bankruptcy, in or around December 2010, servicing of the loan was transferred from HLS to BANA. Id. ¶ 16. Plaintiffs made the first two contractually due payments to BANA, which it received but did not credit to the account. Id. ¶ 18. BANA began saying that

---

[1]The "Doc. ___" reference is to the number of the item on the docket in this action.

plaintiffs were delinquent two payments. Id. ¶ 19. BANA purchased a force-placed insurance policy charged to plaintiffs because it believed the loan to be delinquent. Id. ¶ 21. SLS acquired the loan on or about May 30, 2014. Id. ¶ 24. Melisa received a discharge on July 10, 2014, although post-petition arrearages were alleged to be $96,354.39 as of June 25, 2014. Id. ¶ 26. In June 2015, SLS began sending default notices to plaintiffs. Id. ¶ 27. Daryle filed a Chapter 13 bankruptcy case on June 1, 2015. Id. ¶ 28. On November 25, 2015, SLS filed a motion for relief in Daryle's case alleging that three post-petition payments had been missed. A notice of termination of stay was filed March 15 2015. Id. ¶ 29. Plaintiffs' counsel sent a letter and qualified written request for documents to SLS through its bankruptcy counsel on March 17, 2016. Id. ¶ 30.

Plaintiffs assert causes of action for violation of Regulation X[2] of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17, ("RESPA"), violation of Regulation Z[3] of the Truth In Lending Act, 15 U.S.C. §§ 1601-1666j ("TILA"), violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), breach of contract, and violation of the Texas Debt Collection Practices Act, Tex. Fin. Code ch. 392 ("TDCPA").

---

[2] 12 C.F.R. pt. 1024.

[3] 12 C.F.R. pt. 1026.

3

II.

## Grounds of the Motions

Deutsche Bank and SLS urge that they are entitled to judgment on the pleadings and that plaintiffs' claims must be dismissed because: (1) plaintiffs are judicially estopped from asserting their claims; (2) plaintiffs' RESPA claim fails because plaintiffs never sent a "qualified written request" and because they have no actual damages; (3) plaintiffs allege no facts to support a TILA claim; (4) plaintiffs have not alleged any debt collection activity under the FDCPA; (5) plaintiffs do not allege facts to support a breach of contract claim and, in any event, have breached the contract themselves; and (6) plaintiffs have not alleged any facts to support a claim under the TDCA. Doc. 39.

BANA says that it is entitled to judgment on the pleadings and that plaintiffs' claims against it must be dismissed because: (1) plaintiffs' claims are barred by judicial estoppel; (2) plaintiffs' claims are barred by limitations; and, (3) plaintiffs lack standing to assert the claims alleged. Doc. 35. BANA's brief includes additional grounds, but there is no need to discuss them here.

In response to the motion of Deutsche Bank and SLS, plaintiffs have filed a four-paragraph response. Doc. 45. Their response to BANA's motion consists of eight paragraphs. Doc. 46.

They do not cite to the complaint or to any legal authorities to support the arguments they make.

III.

Applicable Legal Standards

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990). Such a motion is reviewed under the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, that is, whether the complaint provides enough facts to state a claim to relief that is plausible on its face. Jebaco, Inc. v. Harrah's Operating Co., 587 F.3d 314, 318 (5th Cir. 2009); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

5

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss or for judgment on the pleadings, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ.,

7

343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Facts Pertinent to the Motions

In 2006, plaintiffs obtained a loan from First Franklin to purchase a home. Doc. 1 ¶ 9. The loan was secured by a deed of trust. Doc. 37, Ex. A. On May 10, 2007, the note and deed of trust were assigned to Deutsche Bank. Id., Ex. B. The loan was serviced by HLS, which was subsequently merged into BANA. Doc. 1 ¶¶ 11, 16. SLS acquired the loan and became the servicer on or about May 30, 2014. Id. ¶ 24.

In 2008 Daryle lost his job and plaintiffs missed several mortgage payments. Doc. 1 ¶ 10. On February 1, 2009, Melisa filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Doc. 37, Ex.

8

C. During the course of the bankruptcy, plaintiffs missed a payment. Doc. 1 ¶ 11. HLS filed a proof of claim calculating the total arrearage amount to be cured in the plan to be $16,710.34. Doc. 37, Ex. D. On or about August 3, 2009, HLS filed a motion for relief from stay, alleging that plaintiffs had failed to pay three post-petition payments. Doc. 1, Ex. B. The parties resolved the matter by agreeing to an order conditioning automatic stay pursuant to which plaintiffs would cure their default by making certain periodic payments. Id., Ex. C. On March 29, 2010, HLS issued a certificate of default, alleging that plaintiffs had failed to timely make the March 2010 payment. Doc. 1 ¶ 14. Plaintiffs say that they made the payment timely and the check cleared their account. Id. ¶ 15. During the pendency of the bankruptcy, HLS transferred its claim to SLS. Doc. 37, Ex. F. On July 10, 2014, Melisa received an order discharging debtor after completion of Chapter 13 plan. Id., Ex. G.

On June 1, 2015, Daryle filed a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Doc. 37, Ex. H. Daryle did not list BANA as a creditor; nor did he identify any claims or causes of action against BANA. Id. Daryle identified SLS as the creditor on his homestead mortgage loan. Doc. 41, Ex. B at App 0013. Daryle did not identify any claims or causes of action

against SLS or Deutsche Bank. Id., Ex. B. On November 25, 2015, SLS filed a motion for relief from stay, alleging that plaintiffs had missed three post-petition payments. Id., Ex. C at App 0032. In response, Daryle said he was without sufficient knowledge or information to form a belief as to the truth of the allegation. Id., Ex. D. The parties entered into an agreed order conditioning stay, pursuant to which post-petition arrearages and attorney's fees and costs were to be paid. Id., Ex. E. On March 15, 2016, SLS filed a certificate of default stating that the required payments had not been made. Id., Ex. F. On April 27, 2016, the bankruptcy court entered a default order granting relief from stay to allow foreclosure of the lien. Id., Ex G. On June 1, 2016, the bankruptcy trustee gave notice of intent to certify the case for dismissal because Daryle had failed to pay the trustee. Id., Ex. H. By order signed March 6, 2017, Daryle's bankruptcy proceeding was dismissed. Id., Ex. I.

On October 16, 2017, plaintiffs filed their complaint in this action. Doc. 1. SLS gave notice that it intended to foreclose the lien against the property on November 4, 2017, and plaintiffs filed a motion for temporary restraining order in response. Doc. 6. That motion was denied by order signed November 2, 2017. Doc. 7. Plaintiffs again sought a temporary restraining order, Doc. 8, which the court again denied. Doc. 9.

B.  <u>Judicial Estoppel</u>

Defendants each allege that plaintiffs are judicially estopped from pursuing the claims asserted in this action. Judicial estoppel is equitable in nature and is invoked by a court to prevent a party from asserting a position in a legal proceeding that is inconsistent with a position taken in a previous proceeding. <u>Reed v. City of Arlington</u>, 650 F.3d 571, 573-74 (5th Cir. 2011)(en banc). Application of judicial estoppel is particularly appropriate where a party's position in bankruptcy court is subsequently contradicted in a later civil action. <u>Jethroe v. Omnova Solutions, Inc.</u>, 412 F.3d 598, 600 (5th Cir. 2005). As the Fifth Circuit has noted, the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets and liabilities. <u>Love v. Tyson Foods, Inc.</u>, 677 F.3d 258, 261 (5th Cir. 2012).

Here, the record establishes that Melisa admitted that she was delinquent on three post-petition payments and agreed to the order resolving the delinquency. She made payments pursuant to the agreed order and ultimately received her discharge. In this case, plaintiffs now allege that they were not delinquent on the three post-petition payments, a position contrary to what the agreed order reflects. Likewise, in Daryle's bankruptcy proceeding, he acknowledged that certain amounts were due and

owing and he agreed to pay those amounts. Now, he is taking a contrary position and saying that certain payments were actually made but not properly credited.

The court further takes judicial notice that neither Melisa nor Daryle identified in the bankruptcy filings that they had any claims or potential claims against any of the defendants. The claims were certainly known to them at the time each of them filed bankruptcy petitions. They should not now be allowed to take a contrary position. Love, 677 F.3d at 261-62.

C. Limitations

Plaintiffs admit that all of their claims arise out of events that allegedly occurred in 2009 and 2010. The statute of limitations for RESPA is either one or three years. Haase v. Countrywide Home Loans, Inc., 748 F.3d 624, 629 (5th Cir. 2014); Val-Com Acquisitions Tr. v. Chase Home Fin. LLC, No. 3:10-CV-1075-L, 2010 WL 4283906, at *3 (N.D. Tex. Oct. 28, 2010), aff'd, 434 F. App'x 395 (5th Cir. 2011). The statute of limitations for a TILA claim is one year, Val-Com, 2010 WL 4283906, at *3, as is the limitations period for an FDCPA claim. 15 U.S.C. § 1692k(d). The limitations period for a TDCA claim is two years. Duzich v. Marine Office of Am. Corp., 980 S.W.2d 857, 872 (Tex. App.--Corpus Christi 1998, pet. denied). And, the limitations period for breach of contract is four years. Stine v. Stewart, 80 S.W.3d

586, 592 (Tex. 2002). Generally, a claim accrues when a violation occurs and the defendant must have actively misled the plaintiff or otherwise concealed its conduct in order for tolling to apply. See, e.g., Stevens v. Wells Fargo Bank, N.A., No. 4:12-CV-594-A, 2012 WL 5951087, at *5 (N.D. Tex. Nov. 27, 2012); Val-Com, 2010 WL 4283906, at *3; 15 U.S.C. § 1604(e); Kerlin v. Sauceda, 263 S.W.3d 920 925-26 (Tex. 2008).

Here, plaintiffs readily admit that their alleged claims accrued nearly ten years ago. They do not allege any facts that would justify the application of equitable tolling on any of their claims. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003)(limitations may support dismissal of a claim where the pleadings fail to raise any basis for tolling).

D. Other Reasons the Claims Fail

As defendants note, and plaintiffs do not dispute, the complaint contains little more than conclusory allegations with regard to each of their claims. For example, no facts are alleged to support any claims against Deutsche Bank, which is randomly mentioned only a few times in the complaint. See, e.g., Doc. 1 ¶¶ 27, 48, 77. No facts are alleged to support a RESPA or TILA claim. The only written notice plaintiffs allege was given was by demand letter from their attorney addressed to BANA's attorney in March 2016. Doc. 1, Ex. H. Even assuming such a demand qualified

as a request, plaintiffs do not allege any facts from which the court could conclude that they suffered any loss or damage as a result of any failure to respond to any written request. See Whittier v. Ocwen Loan Servicing, L.L.C., 594 F. App'x 833, 836-37 (5th Cir. 2014)(there must be actual damages to support a RESPA claim; litigation fees and expenses are not damages under RESPA). Likewise, the remainder of the claims are unsupported and not plausible based on the record.

The court further notes that even had plaintiffs adequately pleaded breach of contract, they themselves admit that they long ago breached the contract. As parties in default, they cannot maintain a breach of contract claim. Richardson v. Wells Fargo Bank, N.A., 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012), aff'd, 538 F. App'x 391 (5th Cir. 2013).

V.

Order

The court ORDERS that defendants' motions for judgment on the pleadings be, and are hereby, granted; that plaintiffs take nothing on their claims against defendants; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED October 5, 2018.

_____
JOHN McBRYDE
United States District Judge

14